AMERICAN BRICK & TILE COMPANY v. EQUITABLE SURETY COMPANY.[1]

May 12, 1916.

Nos. 19,740—(51).

**Judicial ditch — abandonment by contractor — action by materialmen — defense of surety.**

Where the one to whom has been duly let the construction of a public ditch in a judicial proceeding, abandons the contract, his bondsman who has undertaken to complete the ditch cannot, in a suit brought by claimants to recover for materials furnished or labor performed for

[1]Reported in 157 N. W. 901.

the contractor in the prosecution of the work, set up as defense or plea in abatement that the ditch has not been completed and accepted.

Action in the district court for Martin county to recover $59,555.03 against defendants Equitable Surety Company and Charles Turnell, and that the amounts owing from these parties to the other defendants be ascertained, in connection with the work upon a public ditch in the counties of Martin and Faribault designated as Judicial Ditch No. 14, and that they have judgment against these two defendants. The facts are stated in the opinion. From an order sustaining the demurrer of What Cheer Clay Product Company to paragraphs 4 and 5 of the answer of appellant, defendant surety company appealed. Affirmed.

*Kerr, Fowler, Schmitt & Furber,* for appellant.

*Albert R. Allen,* for respondent.

HOLT, J.

The action is brought by one who furnished material for the construction of a public ditch to recover the price or value thereof from the contractor and his bondsman, the appellant bonding company. The ditch extends into two counties. These counties and other claimants who had furnished labor or material for the ditch are made defendants. One of these claimants, the What Cheer Clay Product Company, answered, fully setting forth its claim for material and labor furnished and performed in the construction of the ditch, the price and value thereof; the amount unpaid; the establishment of the ditch by judicial proceeding; the entering of the contract between the counties and the contractor for the construction thereof; the giving of the statutory bond by the contractor with appellant as surety; the failure of the contractor to pay, and his abandonment of the contract. To this answer, or cross-bill, appellant interposed an answer, admitting certain allegations of respondent and denying others, and also set up as defense and in abatement of the prosecution of the action and the claim of respondent, that the two counties have the first and exclusive right to the full amount of the penalty of the bond sued on; that the ditch is not completed, and until completed and accepted there is no way of determining what other claims will be presented for material and labor used in its construction; that therefore

it is necessary to stay the action in order to prevent a multiplicity of suits and so as to properly pro rate the amount of the bond among the claimants. To this defense and plea in abatement respondent demurred, and this appeal is from the order sustaining the demurrer.

The question presented is whether a party, who has furnished material or performed labor for the contractor of a public ditch, is compelled to wait until the ditch is completed and accepted before he is permitted to resort to the bond for payment of his claim, or may he, as soon as the same matures, seek his remedy on the bond. In addition to the contractor's admitted abandonment of the enterprise, it also appears from the record that the appellant has stepped into his shoes and is proceeding to complete the work.

The bond sued on is a statutory bond with the terms and conditions fixed by sections 5536, 5537 and 8245, G. S. 1913. Among these we find that the bond is "for the use of all persons who may show themselves to be aggrieved or injured by any breach thereof, or of the contract for which such bond is given;" the bond is required to be attached to the construction contract; "every such contract and bond shall embrace all the provisions provided by law for the giving of bond by contractors for public works and improvements (section 8245), and for the better security of the contracting county or counties, and of the parties performing labor and furnishing material in and about the performance of such contracts * * * ;" the bond shall expressly provide that the bondsman shall be liable for all damages resulting from any failure in the performance of the contract, and "that any person showing himself injured by such failure may maintain an action upon such bond in his own name and that such actions may be successive in favor of all persons so injured;" and the bond shall be considered an official bond. Section 8245, G. S. 1913, being the one whose provisions must, according to said section 5537, be incorporated in the ditch construction contract and bond, requires the bond to be conditioned for the payment, *as they become due,* of all just claims to persons performing work or furnishing material in the completion of the contract.

From the fact that successive actions may be brought upon this bond, and that it is conditioned to pay, "as they become due," legitimate claims for labor performed and materials furnished in the construction of the

ditch, it would seem to inevitably follow that it is no defense and no cause for abatement of the action that the contractor has abandoned the work in the midst thereof. By so doing he terminated the agreements he may have had with subcontractors and ended the right of all laborers, who up to that time had been working on the ditch, to longer continue, so that all claims became due immediately. It is not to be presumed that the bond is not ample in amount to fully protect the two counties. In fact, it appearing that appellant has undertaken to carry out the contract, liability to the counties is not now limited by the amount of the bond. For what appellant may be required to expend in completing the work, it must make itself personally liable and the whole amount of the bond may, if necessary, go to pay the labor performed and material furnished prior to appellant's entering upon the work of construction. We see no good reason whatever for delaying the enforcement of the payments now due laborers and materialmen from the contractor.

The order is affirmed.